## Moore v. Elkhorn Consolidated Coal & Coke Company.

(Decided May 4, 1917.)

## Appeal from Pike Circuit Court.

1. Master and Servant—Mines and Mining—Safe Place to Work—Contributory Negligence.—Where, in an action for personal injuries sustained, as alleged, by the plaintiff, driver in a coal mine, in falling from a coal car and being caught between same, a post supporting the mine roof and a pile of slate at its base, because of the car being thrown from the track by an attempt of the mule pulling it to go into a side entry leading from the one in which he should have remained, it conclusively appeared from the evidence that the plaintiff could have prevented such movement of the mule by controlling him with a line provided for that purpose, which he failed to use and had secured on the back of the mule beyond his reach, such conduct on his part constituted contributory negligence, but for which his injuries would not have been sustained. Hence, even if the defendant had been guilty of negligence, as alleged, in failing to provide plaintiff a reasonably safe place to work, as his own negligence in failing to use the line for controlling the mule was the proximate cause of his injuries, the giving of a peremptory instruction by the trial court directing a verdict for the defendant was not error.

2. Master and Servant—Injuries to the Person—Negligence.—The plaintiff's complaint that the defendant's alleged failure to provide greater space between the car track and the adjacent post and slate, rendered the place of the accident dangerous to him in the performance of the work required of him, was negligence, was overthrown by the evidence, which conclusively proved such space to be four feet in width and sufficient to render it reasonably safe for plaintiff's use. So, even in the absence of the proof showing that his injuries were caused by his own negligence in failing to control the movements of the mule by the use of the line furnished him for that purpose, the peremptory instruction would

have been authorized on the ground that his injuries resulted
from a risk assumed by him as incidental to his employment.,

A. L. RATLIFF and CHILDERS & CHILDERS for appellant.

AUXIER, HARMAN & FRANCIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

In this action, brought by the appellant to recover of
the appellee $3,000.00 damages for the breaking of his
thigh and leg in the latter's mine while he was in its em-
ploy as a driver of a mule drawing a coal car, it was al-
leged in the petition that his injuries were caused by the
negligence of appellee and its mine boss in failing to
provide him with appliances and a place reasonably safe
for the work required of him.

The answer of appellee traversed the allegations of
the petition and pleaded contributory negligence and the
assumption of risk on the part of appellant. At the con-
clusion of all the evidence the trial court, on the motion
of appellee, peremptorily instructed the jury to return a
verdict in its behalf, which was accordingly done. The
judgment entered in conformity to the verdict dismissed
the action at appellant's cost, and having been refused
a new trial, he has appealed.

It appears from the evidence that the accident
occurred at the mouth of the fourth left entry of the
mine, which was one of a number of side entries turn-
ing off from the main entry thereof. Each of the side
entries has an air course running parallel to it, which
also turns off from the main entry. The fourth left
entry and the fourth left air course are about fifty feet
apart, parallel to each other. The air course turns off
before the fourth entry is reached and at a distance of
about fifty feet therefrom. The air enters the mine upon
the main entry from which it is turned down the fourth
air course and through the left break-through over to
the fourth entry where it circulates through the rooms
of that entry and then back up the entry to where it
enters the main entry again. A curtain is hung across
the main entry between the air course and the fourth
left entry, which forces the air up the fourth left air
course. But for the curtain, or some similar contriv-
ance, the air, following the line of least resistance, would
continue up the main entry instead of entering the

fourth left air course. The fourth left entry turns off the main entry on a curve instead of at right angles, leaving some space between the tracks of the main entry and the tracks of the fourth left entry. In this space between the two tracks, and from three to five feet from each of the tracks, a post or pillar is set for the purpose of affording support to the roof of the mine.

When injured appellant was driving a mule attached to a car up the main entry, intending to drive straight on past the fourth left entry, and the track switch was so set that the car would continue on up the main entry. He testified that when the mule had gotten through the air curtain referred to, which was in two folds and parted for his passage, and opposite the fourth left entry, the animal, for some reason, attempted to leave the main entry and enter the fourth left entry; in doing which he pulled the car off the track with such force as to cause appellant to fall therefrom between the bumper of the car upon which he was riding, the post supporting the roof at that point, and some slate at its base, which he claimed appellee had permitted to accumulate so that it obstructed the passway and so narrowed the space between the tracks and the post and slate as to cause him to be caught between same and the car in the manner stated. The presence in the main entry of this slate and the use of the curtains instead of a trap door for controlling the air, according to appellant's testimony, constituted the negligence on the part of appellee complained of, and rendered the main entry at that point dangerous for the performance of the duties required of him.

As no witness other than appellant was introduced in his behalf, the evidence thus far referred to was furnished by his testimony alone. In addition to what has been mentioned, he testified that the mule attempted to go into the fourth left entry as he, appellant, in his seat on the car, was passing through or under the air curtain, which so obstructed his front view that he was unable to see the turning of the mule toward the fourth left entry in time to prevent the jerking of the car from the main entry track. The petition makes no complaint of the qualities of the mule, and appellant in giving his testimony admitted his gentleness, but said that he was of a nervous temperament, sometimes walked too fast, and was at times disposed to turn into the side entries

of the mine. These traits of the mule were, however, admittedly known to appellant as he had driven it several days before the accident. It should be here remarked that appellant did not claim to have made any measurement of the distance between the car track in the main entry and the post and slate between which and the car he claimed to have been caught and injured, nor did he undertake to more than approximately estimate or guess at the distance, but contented himself with the statement that the space was too narrow for him to escape being caught between the car and post and slate at the time of the accident. It is also true that he was an experienced miner and mine driver; had worked in coal mines for about fifteen years and for as much as a year previous to the accident had worked at intervals in appellee's mine, and that he knew of the presence of the post, but not of the slate, at the place of the accident for a week or more before his injuries were received.

The only witnesses introduced in appellee's behalf were its mine manager or foreman, Goodson, McCoy, charged with track laying in the mine, and Rogers, all of whom testified that the post at the place of the accident was indispensably necessary for the support of the roof at that point and would have been of no use placed elsewhere; that the slate at the base of the post consisted of a few blocks placed there by the miners shortly before the accident for the purpose of furnishing a seat, in occupying which a miner could rest his back against the post; that this pile of slate did not exceed eighteen inches in height and was all behind the post, from the car track, and did not occupy any part of the space between the post and the track; that at the time of the accident, and in half an hour after its occurrence, they measured the distance between the post and slate at its base and the car track and found the space to be about four feet in width, which left ample room for one to stand or lie in the space without being touched by a passing car. Goodson, McCoy and Rogers also testified that the air curtain near the place of the accident was of the best material and most approved pattern used in mines for controlling the air currents; that such curtains were more suitable and safer for use in a mine like that of appellee than trap doors, and that similar curtains instead of trap doors are used in all the mines of the section in which appellee's mine is situated; that the air

curtain consisted of two pieces or folds which could readily be opened or separated in passing through or under the curtain, and that the mule driven by appellant had been used in the mine long enough to make it familiar with the curtains and know how to pass through or beneath them.

We have been unable to find in the record any contradiction by appellant of the above evidence of Goodson, McCoy and Rogers.

We concur in the conclusion reached by the trial court that the evidence in the instant case fails to show any negligence on the part of appellee, its mine foreman or the latter's assistant, that could have caused appellant's injuries, either in the use of the air curtain or post, or in the presence of the slate near the post complained of. None of these things considered separately or as a whole can be said to have rendered the performance of appellant's duties or work unsafe or dangerous. Consequently their presence could not have been the proximate cause of his injuries. Conceding that appellant was thrown from the car because of its being made to leave the track by the attempt of the mule to turn into the fourth left entry, it is manifest from the uncontradicted evidence as to the four feet of space between the car track and post and slate, to say nothing of the slate being behind the post, that his injuries could not have been caused by his being caught between the car and post or car and slate. He was certainly injured to the extent claimed, but the injuries were evidently produced by his fall from the car alone, which was not attributable to any culpable negligence on the part of appellee.

In testifying, it was admitted by appellant that there was a line upon the mule provided for the use of the driver in controlling his movements, and that the mule could be, and customarily had been, controlled by appellant with the use of this line. It was further admitted by him that he was not, at the time of the accident, driving the mule with the line but that he had tied or allowed it to remain on the mule's back and was attempting to control it altogether without the line. These facts make it evident that if appellant had been using the line as it was his duty to do, he could have controlled the movements of the mule and prevented it from turning off toward the fourth left entry. Therefore, the

only negligence actually shown by the evidence was that of which appellant was himself guilty, and which so contributed to his injuries that but for such negligence they would not have been sustained. Certainly appellee could not have anticipated that the mule would shy or from other cause leave the main entry and pull the car off the track in the attempt to enter the fourth left entry, and thereby endanger the safety of appellant or cause his injuries. Therefore, it was under no duty to guard him against the risk to which he was thus subjected.

Not only is it apparent that appellant was guilty of contributory negligence in failing to avail himself of the use of the line in controlling the mule, but whatever risk he encountered was such as was incidental to his employment, and was, therefore, assumed by him in accepting the employment. So if no contributory negligence had been shown in this case, the doctrine of assumed risk presented an insurmountable obstacle to the recovery of damages sought by appellant.

The principles of law applicable to this case are too familiar to require the citation of authority. It follows from what has been said that the ruling of the trial court in granting the peremptory instruction directing a verdict for the appellee was not error.

Wherefore, the judgment is affirmed.